KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7736
Facsimile:  (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUDOLFO TORREZ,<br><br>Defendant. | Criminal Case No. 08CR1008-LAB<br><br>Date:  May 19, 2008<br>Time:  2:00 p.m.<br><br>The Honorable Larry A. Burns<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions in the above-referenced case for (1) Fingerprint Exemplars; (2) Reciprocal Discovery; and (3) Leave to File Further Motions.  These motions are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

**I**

**STATEMENT OF THE CASE**

On April 2, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Rudolfo Torrez ("Defendant") with attempted entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). On April 8, 2008, Defendant was arraigned on the Indictment and pled not guilty. The motion hearing/trial setting is on May 19, 2008. The United States hereby files the following motions for fingerprint exemplars, reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.    OFFENSE CONDUCT**

On March 3, 2008, at approximately 4:55 a.m., Border Patrol Agents were performing line watch duties in an area known as "CHP Lot," which is approximately one mile east of the Otay Mesa, California, Port of Entry, and 100 yards north of the U.S.-Mexico international border. An infrared scope operator informed Border Patrol Agents that he spotted four individuals running north near the secondary fence along the U.S.-Mexico international border. Border Patrol Agents responded to the area, and found four individuals near "CHP Lot." Border Patrol Agents approached the four individuals, identified themselves as Border Patrol Agents, and conducted field interviews. All four individuals, including an individual later identified as "Rudolfo Torrez," freely admitted that they were citizens and nationals of "Mexico" and did not have documentation to enter or remain legally in the United States. All four aliens were arrested and transported to the Chula Vista Border Patrol Station for processing.

**B.    DEFENDANT'S IMMIGRATION HISTORY**

A records check confirmed that Defendant is a citizen and national of El Salvador, not Mexico, and that Defendant was ordered excluded, deported, and removed from the United States to El Salvador pursuant to an order issued by an immigration judge on April 21, 2005. Defendant was physically removed from the United States to El Salvador on two prior occasions: (1) May 11, 2005; and (2) October 17, 2007. After Defendant's last deportation, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### C. **DEFENDANT'S CRIMINAL HISTORY**

Defendant has an extensive criminal history. The United States, propounds that Defendant has fifteen criminal history points placing him in Criminal History Category VI.

On March 1, 2000, Defendant pled guilty and was convicted of driving on a suspended/revoked license, failure to stop, failure to provide proof of financial responsibility, failure to possess a license, and failure to appear, all misdemeanors, in violation of the California Vehicle and Penal Codes, and received a total sentence of 8 days in jail and 3 years probation.

On December 15, 2000, Defendant pled guilty and was convicted of failure to provide, a misdemeanor, in violation of California Penal Code § 270, and received a sentence of 3 years probation. Defendant violated his probation on three separate occasions and received additional sentences: (1) September 3, 2002 - probation was revoked and reinstated under the same conditions; (2) April 9, 2003 - probation was revoked and reinstated with Defendant receiving a sentence of 50 days in jail; and (3) August 19, 2004 - probation was revoked and Defendant received a sentence of 180 days in jail.

On December 15, 2000, Defendant pled guilty and was convicted of driving on a suspended/revoked license, a misdemeanor, and failure to provide proof of financial responsibility, a misdemeanor, in violation of California Vehicle Code Section § 14601 and California Penal Code Section § 270, respectively, and received a sentence of 25 days in jail and 3 years probation.

On September 3, 2002, Defendant pled guilty and was convicted of petty theft, in violation of California Penal Code § 484/488, a misdemeanor, and received a sentence of 10 days in jail and 3 years probation. On January 29, 2004, Defendant's probation was revoked and reinstated.

On September 30, 2003, Defendant pled guilty and was convicted of possession of a controlled substance, to wit, approximately 0.5 grams of heroin, in violation of California Health & Safety § 11350 and was sentenced to 3 years probation. Defendant violated his probation, which was revoked and reinstated, on three occasions: (1) October 21, 2003; (2) March 5, 2004; and (3) May 10, 2004.

On September 30, 2003, Defendant pled guilty and was convicted of burglary and petty theft, misdemeanors, in violation of California Penal Code §§ 459 and 484/488, and received a sentence of 18 days in jail and 3 years probation.

/ /

1     On September 3, 2004, Defendant pled guilty and was convicted of second-degree commercial
2 burglary, a felony, in violation of California Penal Code § 459, and received a sentence of 16 months
3 in prison.
4     On September 13, 2005, Defendant pled guilty and was convicted of being a deported alien
5 found in the United States, in violation of 8 U.S.C. § 1326(a) and (b), and received a sentence of 30
6 months in prison and 2 years of supervised release.

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

#### A.    MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution).  Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

#### B.    MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

##### 1.    Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 55 pages of discovery (including reports of the arresting officers and agents, criminal history reports, documents concerning Defendant's prior convictions and immigration history) and one DVD-ROM containing Defendant's videotaped, post-arrest statements. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant.  Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### C. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

//
//
//

**IV**

**<u>CONCLUSION</u>**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: April 28, 2008

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        /s/ *Joseph J.M. Orabona*
                                        JOSEPH J.M. ORABONA
                                        Assistant United States Attorney